[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14426
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20135-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACE ANTHONY FONSECA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 30, 2005)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Horace Anthony Fonseca appeals his conviction for bribery, in violation of 18 U.S.C. § 201(b)(1)(A) & (C), and his sentence of three years probation.

Fonseca first argues that he received ineffective assistance of counsel. "It is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." *United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994). Because the record demonstrates that the district court did not address the ineffective assistance of counsel claims, and there was no opportunity to develop a record of evidence relevant to the merits of Fonseca's claims, we decline to consider Fonseca's claims of ineffective assistance of counsel.

Fonseca next argues that there was no evidence to support the charge that he corruptly gave money for purposes of illegally and improperly importing an energy drink into the United States. The government responds that the district court did not plainly err in accepting Fonseca's guilty plea and in finding that there was a sufficient factual basis for the plea.

Where a defendant fails to object to the factual basis for a guilty plea, we review the issue for plain error only. *United States v. Franklin*, 323 F.3d 1298,

2

1299 n.1 (11th Cir. 2003). After reviewing the factual proffer made by the government at the plea colloquy and Fonseca's admission to the factual proffer, we conclude that the district court did not commit plain error in finding that the evidence was sufficient to support Fonseca's guilty plea.

Finally, we conclude that the district court did not err in imposing a three-year sentence of probation. The district court clearly acted within its discretion in imposing this sentence, and Fonseca has failed to show otherwise.

Because there is no merit to any of the arguments Fonseca makes in this appeal, we affirm his conviction and sentence.

**AFFIRMED**.[1]

---

[1]Fonseca argues for the first time in his reply brief that the indictment was defective. Issues raised for the first time in a reply brief are waived on appeal. *See United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999). Thus, we decline to address this argument.